1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   EPHRAIN CAZAREZ SUAREZ,        )   1:11-cv-01716-JLT HC
                                    )
12                  Petitioner,     )   ORDER TO SHOW CAUSE WHY THE
                                    )   PETITION SHOULD NOT BE DISMISSED
13        v.                        )   FOR VIOLATION OF THE ONE-YEAR
                                    )   STATUTE OF LIMITATIONS (Doc. 1)
14   MIKE MARTEL,                   )
                                    )   ORDER REQUIRING THAT A RESPONSE
15                  Respondent.     )   BE FILED WITHIN THIRTY DAYS
     _____ )

16

17                      **PROCEDURAL HISTORY**

18        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

20   September 30, 2011, in this Court's Sacramento Division.[1]  (Doc. 1).  It was transferred to the Fresno

21

22        [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
     deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
23   clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
     mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
24   adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
     Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
25   AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on
     other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir.
26   2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest
     possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson,
27   330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition,
     the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears
28   on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the
     running of the statute of limitation.  Petitioner signed the instant petition on September 30, 2011.  (Doc. 1, p. 6).

                                    1

1  Division on October 14, 2011.  (Doc. 3).  A preliminary review of the Petition, however, reveals that

2  the petition is untimely and should therefore be dismissed.

3                                                    **DISCUSSION**

4          A.  Preliminary Review of Petition

5          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

6  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

7  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

8  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

9  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

10 dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

11 Cir.2001).

12         The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

13 habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

14 notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this

15 Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in

16 Herbst.

17         B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

18         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

19 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

20 corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

21 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

22 (1997).  The instant petition was filed on September 30,  2011, and thus, it is subject to the

23 provisions of the AEDPA.

24         The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

25 petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

26 reads:

27              (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
               corpus by a person in custody pursuant to the judgment of a State court.  The
28             limitation period shall run from the latest of –

                                                         2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on June 4, 1996, in the Merced County Superior Court of possession of a controlled substance and sentenced to an indeterminate term of 25-years-to-life.  (Doc. 1, p. 1).   Petitioner filed a petition for review in case no. S062883 that was denied by the California Supreme Court on August 27, 1997.[2]  Thus, direct review would have concluded on November 25, 1997, when the ninety-day period for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one year from the following day, November 26, 1997, or until November 25, 1998, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

---

[2]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.  By accessing the California Courts' electronic database, the Court has determined that the Petition for Review from Petitioner's direct appeal was denied on August 27, 1997.

1     Petitioner, however, implicitly contends that the traditional starting date for the one-year

2  period set out in 28 U.S.C. 2244(d)(1)(A), is inapplicable and that Petitioner could not have filed his

3  petition prior to the United States Supreme Court's decision in Cunningham v. California, 549 U.S.

4  270, 127 S.Ct. 856 (2007), or, alternatively, until the California Supreme Court set forth the

5  guidelines for retroactivity of Cunningham in 2009.  (Doc. 1, p. 7).  Petitioner thus is contending that

6  2244(d)(1)(D) applies and that he discovered the factual predicate for his claim after Cunningham

7  was decided.  This contention, however, is incorrect.  As discussed below, because Petitioner's

8  conviction became final prior to the Supreme Court's earlier decision in Blakely v. Washington, 542

9  U.S. 296 (2004), Cunningham cannot be retroactively applied in his case.

10    As mentioned, under § 2244(d)(1)(D), the one-year limitation period starts on the date when

11 "the factual predicate of the claim or claims presented could have been discovered through the

12 exercise of due diligence," Hasan v. Galaza, 254 F.3d 1150, 1154, fn. 3 (9th Cir. 2001)(quoting

13 Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000), not when the factual predicate was actually

14 discovered by Petitioner and not when Petitioner understands the legal theories available to him or

15 the legal significance of the facts that he discovers.  Due diligence does not require "the maximum

16 feasible diligence," but it does require reasonable diligence in the circumstances. Schlueter v.

17 Varner, 384 F.3d 69, 74 (3d Cir. 2004)(quoting Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004);

18 see Wims v. United States, 225 F.3d 186, 190, fn. 4 (2d Cir. 2000).  It is not necessary for a

19 petitioner to understand the legal significance of the facts; rather, the clock starts when a petitioner

20 understands the facts themselves.  Hasan, 254 F.3d at 1154 fn. 3; Owens, 235 F.3d at 359 ("Time

21 begins when the prisoner knows (or through diligence could discover) the important facts, not when

22 the prisoner recognized their legal significance.")  To "have the factual predicate for a habeas

23 petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the

24 exercise of due diligence could have discovered) facts suggesting both unreasonable performance

25 and resulting prejudice."  Hasan, 254 F.3d at 1154.  In order to claim the benefit of tolling in this

26 case, it is Petitioner's burden to establish it.  Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002);

27 Tholmer v. Harrison, 2005 WL 3144089 (E.D.Cal. Nov. 22, 2005), *1; see Hinton v. Pac. Enters., 5

28 F.3d 391, 395 (9th Cir. 1993)(party seeking tolling bears the burden of alleging facts which would

4

1   give rise to tolling).

2        Here, no later than the end of his trial in 1996, Petitioner was aware that the trial court was

3   sentencing him to an aggravated term based upon considerations that had not been found true by a

4   jury.  That Petitioner, due to his lack of legal training, may not have appreciated the legal

5   significance of these facts vis-a-vis a federal habeas petition, does not alter the fact that he was aware

6   of these *factual basis* for his claim no later than the end of his criminal trial.  Accordingly, even

7   under subsection (d)(1)(D), the one-year period would have commenced and expired within a year of

8   that date.

9        Even were that not true, however, <u>Cunningham</u> cannot be retroactively applied to this case.

10  In <u>Cunningham v. California</u>, 549 U.S. 270, the U.S. Supreme Court found California's determinate

11  sentencing law unconstitutional because it permitted trial court's to sentence defendants to the upper

12  term based on facts that had not been proven to a jury beyond a reasonable doubt.  Under Petitioner's

13  reading of § 2244(d)(1)(D), the one year limitations period begins when a prisoner actually

14  understands what legal theories are available to him.  However, as mentioned previously, such an

15  interpretation is incorrect.  According to the wording of the statute, the one year time limit

16  commences on the date the "factual predicate of the claim or claims presented could have been

17  discovered through the exercise of due diligence," not when it was actually discovered by the

18  petitioner.  In addition, the trigger in § 2244(d)(1)(D) is the discovery, actual or imputed, of the

19  claim's "factual predicate," *not* the recognition of the facts' legal significance.  Stated differently, the

20  time begins when the prisoner knows, or through diligence could discover, the salient facts, not when

21  he recognizes the legal significance of those facts.

22       In this case, Petitioner was well aware of the factual predicate for his claim, i.e., that the

23  aggravated sentence was based in part upon facts not found by a jury beyond a reasonable doubt.

24  Thus, the United States Supreme Court's decision in <u>Cunningham</u>, some eleven years after Petitioner

25  was sentenced, did not provide Petitioner with the "factual predicate" for his claim of an

26  unconstitutional sentence.  <u>Cunningham</u> merely provided additional context for the legal significance

27  of those facts.  As such, the one-year limitation period commenced from the "normal" date, i.e., the

28  conclusion of direct review in 1997, not the date <u>Cunningham</u> was decided.

1    Moreover, in Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), the Ninth Circuit clarified that

2    the Cunningham decision, by holding that the decision was compelled by the Supreme Court's prior

3    decision in Blakely v. Washington, 542 U.S. 296 (2004), such that the decision as to whether a

4    petitioner's constitutional rights herein were violated rests, as a threshold matter, on whether or not

5    his conviction became final before Blakely, *not* Cunningham, was decided.  Citing Teague v. Lane,

6    489 U.S. 288, 306, 109 S.Ct. 1060 (1989), the Ninth Circuit panel stated as follows:

7    > Apprendi, Blakely, and Booker made "courts throughout the land" aware that sentencing
      schemes that raise the maximum possible term based on facts not found by a jury violate the
8    > constitutional rights of defendants. [Cunningham, supra,] at 306.  No principles of comity or
      federalism would be served by refusing to apply this rule to functionally indistinguishable
9    > state sentencing schemes on collateral review. Cunningham thus *did not announce a new rule
      of constitutional law and may be applied retroactively on collateral review*.

10

11   Butler, supra, at 639. (Emphasis supplied).  As Petitioner has recognized, Blakely is the case on

12   which the statute of limitation analysis depends because Blakely is not retroactively applied.  Schardt

13   v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).  In other words, Cunningham cannot be applied

14   retroactively for cases which were final prior to Blakely.  Petitioner's conviction became final on

15   November 25, 1997.  Blakely was not decided until June 24, 2004.  Thus, even if Petitioner could

16   avoid the statute of limitation problem that is fatal to his petition, Cunningham would not, under

17   Teague, apply retroactively to his sentence in any event.

18       As mentioned, the instant petition was filed on September 30, 2011, approximately fourteen

19   years after the date the one-year period would have expired.  Thus, unless Petitioner is entitled to

20   either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

21       C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

22       Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

23   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

24   § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

25   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

26   U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

27   petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

28   delay in the intervals between a lower court decision and the filing of a petition in a higher court.

1   Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

2   by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

3   omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

4   536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

5   (9th Cir. 1999).

6          Nevertheless, there are circumstances and periods of time when no statutory tolling is

7   allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

8   appeal and the filing of an application for post-conviction or other collateral review in state court,

9   because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007;

10   Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is

11   allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.

12   In addition, the limitation period is not tolled during the time that a federal habeas petition is

13   pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v.

14   Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a

15   petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing

16   a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d)

17   does not permit the reinitiation of the limitations period that has ended before the state petition was

18   filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to

19   continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer,

20   447 F.3d 1165, 1166 (9th Cir. 2006).

21          Here, although Petitioner alleges that he filed state habeas petitions at each level of state

22   court, he provides information only about the habeas petition denied by the California Supreme

23   Court on September 14, 2011.  By accessing the California Courts' electronic database, the Court has

24   determined that the Supreme Court petition was filed on March 30, 2011 and denied on September

25   14, 2011.  Previously, Petitioner had filed a habeas petition in the 5th DCA on January 27, 2011,

26   which was denied on March 9, 2011.  The Court has no information on any filing in the superior

27   court.  However, giving Petitioner the benefit of every doubt, since his claim is premised on

28   Cunningham, it is inescapable that he could not have filed his state habeas prior to the date of the

1  decision in Cunningham, i.e., 1997.  That being the case, none of Petitioner's state habeas petitions

2  are entitled to statutory tolling because they were filed *after* the statute of limitation had already

3  expired.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th

4  Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v.

5  Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the

6  limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d

7  919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after

8  expiration of the one-year limitations period).  Thus, unless Petitioner is entitled to equitable tolling,

9  the petition is untimely and must be dismissed.

10      D.  Equitable Tolling

11      The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

12  equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561

13  (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation

14  period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control

15  make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090

16  (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a

17  petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

18  statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

19  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1)

20  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

21  his way." Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807

22  (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the

23  exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

24  omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at

25  1107.

26      Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on

27  the record now before the Court, the Court sees no basis for such a claim. In his response to this

28  Order to Show Cause, if Petitioner has any grounds not already expressed in his petition that would

8

1    justify equitable tolling, i.e., circumstances beyond Petitioner's control that precluded him from

2    timely filing his petition prior to the expiration of the one-year period in 1998, he should inform the

3    Court of those grounds in his response.

4                                 **<u>ORDER</u>**

5         For the foregoing reasons, the Court HEREBY ORDERS:

6         1.   Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service

7             of this Order why the Petition should not be dismissed for violation of the one-year

8             statute of limitations in 28 U.S.C. § 2244(d).

9         Petitioner is forewarned that his failure to comply with this order may result in a

10   Recommendation that the Petition be dismissed pursuant to Local Rule 110.

11

12   IT IS SO ORDERED.

13   Dated:   **October 20, 2011**                             **/s/ Jennifer L. Thurston**

14                                        UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28