# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPHRAIN CAZAREZ SUAREZ, | 1:11-cv-01716-JLT HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |
| v. | FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS (Doc. 1) |
| MIKE MARTEL, | |
| Respondent. | ORDER REQUIRING THAT A RESPONSE BE FILED WITHIN THIRTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on September 30, 2011, in this Court's Sacramento Division.[1] (Doc. 1). It was transferred to the Fresno

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom.* Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on September 30, 2011. (Doc. 1, p. 6).

Division on October 14, 2011.  (Doc. 3).  A preliminary review of the Petition, however, reveals that the petition is untimely and should therefore be dismissed.

## **DISCUSSION**

### A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

### B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on September 30, 2011, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

         (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

         (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

         (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

         (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on June 4, 1996, in the Merced County Superior Court of possession of a controlled substance and sentenced to an indeterminate term of 25-years-to-life. (Doc. 1, p. 1). Petitioner filed a petition for review in case no. S062883 that was denied by the California Supreme Court on August 27, 1997.[2] Thus, direct review would have concluded on November 25, 1997, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, November 26, 1997, or until November 25, 1998, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice. By accessing the California Courts' electronic database, the Court has determined that the Petition for Review from Petitioner's direct appeal was denied on August 27, 1997.

Petitioner, however, implicitly contends that the traditional starting date for the one-year period set out in 28 U.S.C. 2244(d)(1)(A), is inapplicable and that Petitioner could not have filed his petition prior to the United States Supreme Court's decision in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), or, alternatively, until the California Supreme Court set forth the guidelines for retroactivity of Cunningham in 2009. (Doc. 1, p. 7). Petitioner thus is contending that 2244(d)(1)(D) applies and that he discovered the factual predicate for his claim after Cunningham was decided. This contention, however, is incorrect. As discussed below, because Petitioner's conviction became final prior to the Supreme Court's earlier decision in Blakely v. Washington, 542 U.S. 296 (2004), Cunningham cannot be retroactively applied in his case.

As mentioned, under § 2244(d)(1)(D), the one-year limitation period starts on the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," Hasan v. Galaza, 254 F.3d 1150, 1154, fn. 3 (9th Cir. 2001)(*quoting* Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000), not when the factual predicate was actually discovered by Petitioner and not when Petitioner understands the legal theories available to him or the legal significance of the facts that he discovers. Due diligence does not require "the maximum feasible diligence," but it does require reasonable diligence in the circumstances. Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004)(*quoting* Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004); see Wims v. United States, 225 F.3d 186, 190, fn. 4 (2d Cir. 2000). It is not necessary for a petitioner to understand the legal significance of the facts; rather, the clock starts when a petitioner understands the facts themselves. Hasan, 254 F.3d at 1154 fn. 3; Owens, 235 F.3d at 359 ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognized their legal significance.") To "have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance and resulting prejudice." Hasan, 254 F.3d at 1154. In order to claim the benefit of tolling in this case, it is Petitioner's burden to establish it. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Tholmer v. Harrison, 2005 WL 3144089 (E.D.Cal. Nov. 22, 2005), *1; see Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993)(party seeking tolling bears the burden of alleging facts which would

give rise to tolling).

Here, no later than the end of his trial in 1996, Petitioner was aware that the trial court was sentencing him to an aggravated term based upon considerations that had not been found true by a jury. That Petitioner, due to his lack of legal training, may not have appreciated the legal significance of these facts vis-a-vis a federal habeas petition, does not alter the fact that he was aware of these *factual basis* for his claim no later than the end of his criminal trial. Accordingly, even under subsection (d)(1)(D), the one-year period would have commenced and expired within a year of that date.

Even were that not true, however, Cunningham cannot be retroactively applied to this case. In Cunningham v. California, 549 U.S. 270, the U.S. Supreme Court found California's determinate sentencing law unconstitutional because it permitted trial court's to sentence defendants to the upper term based on facts that had not been proven to a jury beyond a reasonable doubt. Under Petitioner's reading of § 2244(d)(1)(D), the one year limitations period begins when a prisoner actually understands what legal theories are available to him. However, as mentioned previously, such an interpretation is incorrect. According to the wording of the statute, the one year time limit commences on the date the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," not when it was actually discovered by the petitioner. In addition, the trigger in § 2244(d)(1)(D) is the discovery, actual or imputed, of the claim's "factual predicate," *not* the recognition of the facts' legal significance. Stated differently, the time begins when the prisoner knows, or through diligence could discover, the salient facts, not when he recognizes the legal significance of those facts.

In this case, Petitioner was well aware of the factual predicate for his claim, i.e., that the aggravated sentence was based in part upon facts not found by a jury beyond a reasonable doubt. Thus, the United States Supreme Court's decision in Cunningham, some eleven years after Petitioner was sentenced, did not provide Petitioner with the "factual predicate" for his claim of an unconstitutional sentence. Cunningham merely provided additional context for the legal significance of those facts. As such, the one-year limitation period commenced from the "normal" date, i.e., the conclusion of direct review in 1997, not the date Cunningham was decided.

1    Moreover, in Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), the Ninth Circuit clarified that
the Cunningham decision, by holding that the decision was compelled by the Supreme Court's prior
decision in Blakely v. Washington, 542 U.S. 296 (2004), such that the decision as to whether a
petitioner's constitutional rights herein were violated rests, as a threshold matter, on whether or not
his conviction became final before Blakely, *not* Cunningham, was decided.  Citing Teague v. Lane,
489 U.S. 288, 306, 109 S.Ct. 1060 (1989), the Ninth Circuit panel stated as follows:

> Apprendi, Blakely, and Booker made "courts throughout the land" aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Cunningham, supra,] at 306.   No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review. Cunningham thus *did not announce a new rule of constitutional law and may be applied retroactively on collateral review*.

Butler, supra, at 639. (Emphasis supplied).  As Petitioner has recognized, Blakely is the case on
which the statute of limitation analysis depends because Blakely is not retroactively applied.  Schardt
v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).  In other words, Cunningham cannot be applied
retroactively for cases which were final prior to Blakely.  Petitioner's conviction became final on
November 25, 1997.  Blakely was not decided until June 24, 2004.  Thus, even if Petitioner could
avoid the statute of limitation problem that is fatal to his petition, Cunningham would not, under
Teague, apply retroactively to his sentence in any event.

As mentioned, the instant petition was filed on September 30, 2011, approximately fourteen
years after the date the one-year period would have expired.  Thus, unless Petitioner is entitled to
either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed
application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.
§ 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules
governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531
U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California
petitioner completes a full round of [state] collateral review," so long as there is no unreasonable
delay in the intervals between a lower court decision and the filing of a petition in a higher court.

1 | Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized
2 | by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations
3 | omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,
4 | 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006
5 | (9th Cir. 1999).
6 |         Nevertheless, there are circumstances and periods of time when no statutory tolling is
7 | allowed.  For example, no statutory tolling is allowed for the period of time between finality of an
8 | appeal and the filing of an application for post-conviction or other collateral review in state court,
9 | because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007;
10 | Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is
11 | allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.
12 | In addition, the limitation period is not tolled during the time that a federal habeas petition is
13 | pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v.
14 | Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a
15 | petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing
16 | a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d)
17 | does not permit the reinitiation of the limitations period that has ended before the state petition was
18 | filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to
19 | continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer,
20 | 447 F.3d 1165, 1166 (9th Cir. 2006).
21 |          Here, although Petitioner alleges that he filed state habeas petitions at each level of state
22 | court, he provides information only about the habeas petition denied by the California Supreme
23 | Court on September 14, 2011.  By accessing the California Courts' electronic database, the Court has
24 | determined that the Supreme Court petition was filed on March 30, 2011 and denied on September
25 | 14, 2011.  Previously, Petitioner had filed a habeas petition in the 5th DCA on January 27, 2011,
26 | which was denied on March 9, 2011.  The Court has no information on any filing in the superior
27 | court.  However, giving Petitioner the benefit of every doubt, since his claim is premised on
28 | Cunningham, it is inescapable that he could not have filed his state habeas prior to the date of the

decision in Cunningham, i.e., 1997. That being the case, none of Petitioner's state habeas petitions are entitled to statutory tolling because they were filed *after* the statute of limitation had already expired. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely and must be dismissed.

### D. Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. In his response to this Order to Show Cause, if Petitioner has any grounds not already expressed in his petition that would

8

justify equitable tolling, i.e., circumstances beyond Petitioner's control that precluded him from timely filing his petition prior to the expiration of the one-year period in 1998, he should inform the Court of those grounds in his response.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **October 20, 2011**                                          /s/ Jennifer L. Thurston
                                                                                           UNITED STATES MAGISTRATE JUDGE