# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EPHRAIN CAZAREZ SUAREZ, | ) | 1:11-cv-01716-LJO-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS PETITION FOR VIOLATION OF |
| v. | ) | THE ONE-YEAR STATUTE OF |
| | ) | LIMITATIONS (Doc. 1) |
| | ) | |
| MIKE MARTEL, | ) | ORDER REQUIRING OBJECTIONS TO BE |
| | ) | FILED WITHIN TWENTY DAYS |
| Respondent. | ) | |
| | ) | |

## **PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

September 30, 2011, in this Court's Sacramento Division.[1]  (Doc. 1).  It was transferred to the Fresno

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom.* Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003).  The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears

1    Division on October 14, 2011.  (Doc. 3).  On October 21, 2011, after a preliminary review of the

2    Petition indicated that the petition may be untimely, the Court issued an Order to Show Cause why

3    the petition should not be dismissed as being in violation of 28 U.S.C. § 2244(d)(1).  (Doc. 6).  The

4    Order to Show Cause required that Petitioner filed a response within thirty days.  On November 2,

5    2011, Petitioner filed his response.  (Doc. 9).

6    **DISCUSSION**

7      A.  Preliminary Review of Petition

8      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

9    if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

10    not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

11    The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

12    habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

13    dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

14    Cir.2001).

15      The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

16    habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

17    notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing the

18    Order to Show Cause on October 21, 2011, the Court afforded Petitioner the notice required by the

19    Ninth Circuit in Herbst.

20      B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

21      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

22    1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

23    corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

24    (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

25    (1997).  The instant petition was filed on September 30,  2011, and thus, it is subject to the

26    provisions of the AEDPA.

27

28    on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  Petitioner signed the instant petition on September 30, 2011.  (Doc. 1, p. 6).

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on June 4, 1996, in the Merced County Superior Court of possession of a controlled substance and sentenced to an indeterminate term of 25-years-to-life.  (Doc. 1, p. 1).  Petitioner filed a petition for review in case no. S062883 that was denied by the California Supreme Court on August 27, 1997. [2]  Thus, direct review would have concluded on November 25, 1997, when the ninety-day period for seeking review in the United

---

[2]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.  By accessing the California Courts' electronic database, the Court has determined that the Petition for Review from Petitioner's direct appeal was denied on August 27, 1997.

1    States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188

2    F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner

3    would then have one year from the following day, November 26, 1997, or until November 25, 1998,

4    absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

5         Petitioner, however, implicitly contends that the traditional starting date for the one-year

6    period set out in 28 U.S.C. § 2244(d)(1)(A), is inapplicable and that Petitioner could not have filed

7    his petition prior to the United States Supreme Court's decision in Cunningham v. California, 549

8    U.S. 270, 127 S.Ct. 856 (2007), or, alternatively, until the California Supreme Court set forth the

9    guidelines for retroactivity of Cunningham in 2009.  (Doc. 1, p. 7).  Petitioner thus is contending that

10   § 2244(d)(1)(D) applies and that he discovered the factual predicate for his claim after Cunningham

11   was decided.  This contention, however, is incorrect.  As discussed below, because Petitioner's

12   conviction became final prior to the Supreme Court's earlier decision in Blakely v. Washington, 542

13   U.S. 296 (2004), Cunningham cannot be retroactively applied in his case.

14        As mentioned, under § 2244(d)(1)(D), the one-year limitation period starts on the date when

15   "the factual predicate of the claim or claims presented could have been discovered through the

16   exercise of due diligence," Hasan v. Galaza, 254 F.3d 1150, 1154, fn. 3 (9th Cir. 2001)(quoting

17   Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)), not when the factual predicate was actually

18   discovered by Petitioner and not when Petitioner understands the legal theories available to him or

19   the legal significance of the facts that he discovers.  Due diligence does not require "the maximum

20   feasible diligence," but it does require reasonable diligence in the circumstances. Schlueter v.

21   Varner, 384 F.3d 69, 74 (3d Cir. 2004)(quoting Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004);

22   see Wims v. United States, 225 F.3d 186, 190, fn. 4 (2d Cir. 2000).  It is not necessary for a

23   petitioner to understand the legal significance of the facts; rather, the clock starts when a petitioner

24   understands the facts themselves.  Hasan, 254 F.3d at 1154 fn. 3; Owens, 235 F.3d at 359 ("Time

25   begins when the prisoner knows (or through diligence could discover) the important facts, not when

26   the prisoner recognized their legal significance.")  To "have the factual predicate for a habeas

27   petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the

28   exercise of due diligence could have discovered) facts suggesting both unreasonable performance

4

1   and resulting prejudice."  Hasan, 254 F.3d at 1154.  In order to claim the benefit of tolling in this

2   case, it is Petitioner's burden to establish it.  Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002);

3   Tholmer v. Harrison, 2005 WL 3144089 (E.D.Cal. Nov. 22, 2005), *1; see Hinton v. Pac. Enters., 5

4   F.3d 391, 395 (9th Cir. 1993)(party seeking tolling bears the burden of alleging facts which would

5   give rise to tolling).

6        Here, no later than the end of his trial in 1996, Petitioner was aware that the trial court was

7   sentencing him to an aggravated term based upon considerations that had not been found true by a

8   jury.  That Petitioner, due to his lack of legal training, may not have appreciated the legal

9   significance of these facts vis-a-vis a federal habeas petition, does not alter the fact that he was aware

10  of these *factual basis* for his claim no later than the end of his criminal trial.  Accordingly, even

11  under subsection (d)(1)(D), the one-year period would have commenced and expired within a year of

12  that date.

13       Even were that not true, however, Cunningham cannot be retroactively applied to this case.

14  In Cunningham v. California, 549 U.S. 270, the U.S. Supreme Court found California's determinate

15  sentencing law unconstitutional because it permitted trial court's to sentence defendants to the upper

16  term based on facts that had not been proven to a jury beyond a reasonable doubt.  Under Petitioner's

17  reading of § 2244(d)(1)(D), the one year limitations period begins when a prisoner actually

18  understands what legal theories are available to him.  However, as mentioned previously, such an

19  interpretation is incorrect.  According to the wording of the statute, the one year time limit

20  commences on the date the "factual predicate of the claim or claims presented could have been

21  discovered through the exercise of due diligence," not when it was actually discovered by the

22  petitioner.  In addition, the trigger in § 2244(d)(1)(D) is the discovery, actual or imputed, of the

23  claim's "factual predicate," *not* the recognition of the facts' legal significance.  Stated differently, the

24  time begins when the prisoner knows, or through diligence could discover, the salient facts, not when

25  he recognizes the legal significance of those facts.

26       In this case, Petitioner was well aware of the factual predicate for his claim, i.e., that the

27  aggravated sentence was based in part upon facts not found by a jury beyond a reasonable doubt.

28  Thus, the United States Supreme Court's decision in Cunningham some eleven years after Petitioner

1   was sentenced did not provide Petitioner with the "factual predicate" for his claim of an

2   unconstitutional sentence.  Cunningham merely provided additional context for the legal significance

3   of those facts.  As such, the one-year limitation period commenced from the "normal" date, i.e., the

4   conclusion of direct review in 1997, not the date Cunningham was decided.

5          Moreover, in Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), the Ninth Circuit clarified that

6   because the Cunningham decision held that its result was compelled by the Supreme Court's

7   decision in Blakely v. Washington, 542 U.S. 296 (2004), the decision as to whether a petitioner's

8   constitutional rights were violated rests, as a threshold matter, on whether or not his conviction

9   became final before Blakely, *not* Cunningham, was decided.  Citing Teague v. Lane, 489 U.S. 288,

10  306, 109 S.Ct. 1060 (1989), the Ninth Circuit panel stated as follows:

11         Apprendi, Blakely, and Booker made "courts throughout the land" aware that sentencing
           schemes that raise the maximum possible term based on facts not found by a jury violate the
12         constitutional rights of defendants. [Cunningham, supra,] at 306.   No principles of comity or
           federalism would be served by refusing to apply this rule to functionally indistinguishable
13         state sentencing schemes on collateral review. Cunningham thus *did not announce a new rule
           of constitutional law and may be applied retroactively on collateral review.*
14

15  Butler, supra, at 639. (Emphasis supplied).  As Petitioner has recognized, Blakely is the case on

16  which the statute of limitation analysis depends because Blakely is not retroactively applied.  Schardt

17  v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).  In other words, Cunningham cannot be applied

18  retroactively for cases which were final prior to Blakely.  Petitioner's conviction became final on

19  November 25, 1997.  Blakely was not decided until June 24, 2004.  Thus, even if Petitioner could

20  avoid the statute of limitation problem that is fatal to his petition, Cunningham would not, under

21  Teague, apply retroactively to his sentence in any event.

22         In his response to the Order to Show Cause, Petitioner cites Danforth v. Minnesota, 552 U.S.

23  264, 128 S.Ct. 1029 (2008), in arguing that states may apply federal precedent retroactively in

24  situations where federal law does not so require.  (Doc. 9, p. 1).  While Petitioner is correct in his

25  summary of Danforth's holding, he is incorrect in his assumption that Danforth helps him in this

26  case.

27         In Danforth, the United States Supreme Court addressed the central question of "whether

28  Teague constrains the authority of state courts to give broader effect to new rules of criminal

6

1  procedure than is required by that opinion." Danforth, 552 U.S. at 266.  In holding that states are not

2  so constrained, the U.S. Supreme Court, after noting that Teague was expressly limited to federal

3  review of state court convictions, explained its holding as follows:

> "It is thus abundantly clear that the Teague rule of nonretroactivity was fashioned to achieve the goals of federal habeas while minimizing federal intrusion into state criminal proceedings.  *It was intended to limit the authority of federal courts to overturn state convictions–not to limit a state court's authority to grant relief for violations of new rules of constitutional law when reviewing its own State's convictions.*"

7  Danforth, 552 U.S. at 280-281 (emphasis supplied).

8      Put simply, under Danforth, the *State of California* is free, in its own state proceedings, to

9  provide state inmates with a greater degree of retroactivity than that afforded by federal courts in

10  federal proceedings; however, this *federal district court, in its own proceedings,* continues to be

11  constrained by Teague and those cases applying Teague to Blakely and Cunningham.  If Petitioner

12  wishes to argue to the State of California that it should provide greater retroactive effect for

13  Cunningham than is presently afforded to this Court by the Ninth Circuit under Teague, he may do

14  so.  However, that is a remedy entirely independent of any collateral relief Petitioner is seeking in

15  federal court.  This Court continues to be constrained by Teague and those Ninth Circuit cases that

16  have foreclosed collateral relief under Cunningham to state inmates, such as Petitioner, whose

17  convictions became final prior to Blakely.[3]

18      Accordingly, the Court concludes that the instant petition was filed on September 30, 2011,

19  approximately fourteen years after the date the one-year period would have expired.  Thus, unless

20  Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should

21  be dismissed.[4]

22

---

23  [3]In In re Gomez, 45 Cal. 4th 650 (Cal. 2009), the California Supreme Court held that Cunningham was retroactively

24  applicable to defendants whose convictions were not final at the time of the decision in Blakely.  Id. at 660.  Since this holding is entirely consistent with the Ninth Circuit's holding in Butler, it does nothing to advance Petitioner's cause. Subsequently, in In re Watson, 104 Cal. Rptr. 3d 403, the California Court of Appeal, Fourth Appellate District, Division

25  1, held that retroactivity should be extended back to the time that Apprendi was announced.  However, Watson was later officially de-published and is no longer good law in California.  See Walker v. Martin, __U.S.__, 131 S.Ct. 1120, 1129

26  (2011), fn. 6.

27  [4]In his response to the Order to Show Cause, Petitioner also argues that the petition is timely because he filed it

28  within one year of the date he exhausted his state remedies.  (Doc. 9, p. 2).  However, as discussed previously, timeliness is not determined by whether a petitioner filed his federal petition within one year of exhausting his state remedies, but whether, after awarding the petitioner all statutory and equitable tolling to which he is entitled, he filed the petition within one year,

1    C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

2        Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

3    application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

4    § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

5    governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

6    U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

7    petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

8    delay in the intervals between a lower court decision and the filing of a petition in a higher court.

9    Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

10   by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

11   omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

12   536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

13   (9th Cir. 1999).

14       Nevertheless, there are circumstances and periods of time when no statutory tolling is

15   allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

16   appeal and the filing of an application for post-conviction or other collateral review in state court,

17   because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007;

18   Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is

19   allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.

20   In addition, the limitation period is not tolled during the time that a federal habeas petition is

21   pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v.

22   Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a

23   petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing

24   a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d)

25   does not permit the reinitiation of the limitations period that has ended before the state petition was

26   _____

27   of the date his direct appeal became final.  Were Petitioner correct in his construction of the AEDPA, state inmates could wait
28   for years, or even decades, after their direct appeals became final before even commencing the exhaustion process.  Then,
     according to Petitioner's logic, as long as the inmate filed his federal petition within one year after his claims were exhausted
     in state court, the petition would still be timely under the AEDPA.  This is clearly erroneous.

8

1  filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to

2  continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer,

3  447 F.3d 1165, 1166 (9th Cir. 2006).

4          Here, although Petitioner alleges that he filed state habeas petitions at each level of state

5  court, he provides information only about the habeas petition denied by the California Supreme

6  Court on September 14, 2011.  By accessing the California Courts' electronic database, the Court has

7  determined that the supreme court petition was filed on March 30, 2011 and denied on September

8  14, 2011.  Previously, Petitioner had filed a habeas petition in the 5th DCA on January 27, 2011,

9  which was denied on March 9, 2011.  The Court has no information on any filing in the superior

10  court.  However, giving Petitioner the benefit of every doubt, since his claim is premised on

11  Cunningham, it seems inescapable to conclude that he could not have filed his state habeas prior to

12  the date of the decision in Cunningham, i.e., 1997.  That being the case, none of Petitioner's state

13  habeas petitions are entitled to statutory tolling because they were filed *after* the statute of limitation

14  had already expired.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d

15  478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v.

16  Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the

17  limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d

18  919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after

19  expiration of the one-year limitations period).  Thus, unless Petitioner is entitled to equitable tolling,

20  the petition is untimely and must be dismissed.

21          D.  Equitable Tolling

22          The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

23  equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561

24  (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation

25  period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control

26  make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090

27  (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a

28  petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

9

1  statute of limitations may be appropriate." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).

2  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1)

3  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

4  his way."   <u>Holland</u>, 130 S.Ct. at 2652; <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct. 1807

5  (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the

6  exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

7  omitted).  As a consequence, "equitable tolling is unavailable in most cases." <u>Miles</u>, 187 F. 3d at

8  1107.

9        Here, in the petition Petitioner has made no express claim of entitlement to equitable tolling

10  and, based on the record now before the Court, the Court sees no basis for such a claim.  Nor did

11  Petitioner, after being advised of the Court's timeliness concerns, make any claim of entitlement to

12  equitable tolling in his response to the October 21, 2011 Order to Show Cause.  Accordingly, he is

13  not entitled to equitable tolling.  Therefore, the petition is untimely and should be dismissed.

14                                  **<u>RECOMMENDATIONS</u>**

15        For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition for writ of

16  habeas corpus (Doc. 1), should be dismissed for violation of the one-year statute of limitations in 28

17  U.S.C. § 2244(d).

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1        This Findings and Recommendation is submitted to the United States District Court Judge

2   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

3   Local Rules of Practice for the United States District Court, Eastern District of California.

4   Within 20 days after being served with a copy, any party may file written objections with the court

5   and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

6   Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within

7   10 days after service of the objections.  The Court will then review the Magistrate Judge's ruling

8   pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within

9   the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

10  F.2d 1153 (9th Cir. 1991).

11

12  IT IS SO ORDERED.

13  Dated:   **November 17, 2011**                          **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28